IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-72-D-4
No. 5:19-CV-407-D

| | |
|---|---|
| TIANNA DANEY MAYNARD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On September 16, 2019, Tianna Daney Maynard ("Maynard") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct her 600-month sentence [D.E. 814]. On December 19, 2019, the government moved to dismiss Maynard's motion [D.E. 831] and filed a memorandum in support [D.E. 832]. As explained below, the court grants the government's motion to dismiss and dismisses Maynard's section 2255 motion.

I.

Maynard played a central role in one of the most notorious and horrific kidnappings imaginable. See Presentence Investigation Report ("PSR") [D.E. 678] ¶¶ 11–38, 45–46. Pursuant to a plea agreement Maynard pleaded guilty to conspiracy to commit kidnapping (count one), and using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of a kidnapping, and aiding and abetting (count five). See [D.E. 346]. On February 27, 2017, the court held Maynard's sentencing hearing and calculated Maynard's total offense level as 43, her criminal history category as I, and her advisory guideline range as life imprisonment on count one, and 84 months' imprisonment on count five. See [D.E. 730, 731]. After granting the

government's motion for downward departure and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Maynard to 600 months' imprisonment on count one and 84 months' concurrent imprisonment on count five, for a total of 600 months' imprisonment [D.E. 730]. Maynard did not appeal.

In Maynard's section 2255 motion, she argues that (1) the prosecutor committed misconduct by using a special agent to furnish the statement of facts; (2) her attorney was constitutionally ineffective by failing to discuss the PSR with her, failing to object to any other parts of the PSR, and failing to object to the leadership enhancement; (3) her attorney was constitutionally ineffective by failing to "try to file" a direct appeal challenging her "excessive sentence"; and (4) her sentence was excessive. See [D.E. 814] 4–8.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may

2

consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Section 2255(f) contains a one-year statute of limitations. Section 2255(f) provides that the one-year clock is triggered by one of four conditions, whichever occurs last:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)–(4); see Johnson v. United States, 544 U.S. 295, 299–300 (2005); Whiteside v. United States, 775 F.3d 180, 182–83 (4th Cir. 2014) (en banc).

Maynard's judgment became final on March 14, 2017, and her time to file a section 2255 motion ended on March 14, 2018. See Clay v. United States, 537 U.S. 522, 527 (2003). Maynard, however, did not file her section 2255 motion until September 16, 2019 [D.E. 814]. Thus, Maynard's section 2255 motion is untimely under section 2255(f). Furthermore, Maynard has not plausibly alleged that any governmental action prevented her from filing a timely motion, that her motion is based on a right newly recognized by the Supreme Court, or that her motion is based on facts that could not have been discovered earlier through the exercise of due diligence. Accordingly, the court dismisses Maynard's section 2255 motion as untimely under section 2255(f).

3

Alternatively, Maynard procedurally defaulted her claims that the prosecutor engaged in misconduct by using a special agent to furnish the statement of facts or that her sentence was excessive. Maynard failed to raise these claims on direct appeal. Thus, the general rule of procedural default bars Maynard from presenting these claims under section 2255. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Furthermore, Maynard has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which he now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); United States v. Frady, 456 U.S. 152, 170 (1982); United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); Sanders, 247 F.3d at 144; United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Accordingly, the claims fail.

Alternatively, Maynard's plea agreement contains an appellate waiver. See [D.E. 346] ¶ 2(c). In the waiver, Maynard agreed

> [t]o waive knowingly and expressly the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal pursuant to 18 U.S.C. § 3742, and further to waive any right to contest the conviction or sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Maynard's Rule 11 proceeding, the appellate waiver is enforceable, and this court rejects Maynard's attack on the waiver. See id.; United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168

(4th Cir. 2005). Accordingly, the waiver bars all claims other than her ineffective assistance of counsel claims.

As for Maynard's ineffective assistance of counsel claims, the "Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover, 531 U.S. at 203–04. To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Maynard must show that her attorney's performance fell below an objective standard of reasonableness and that she suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

5

When a defendant pleads guilty and later attacks her guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); see Lee v. United States, 137 S. Ct. 1958, 1967 (2017). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 137 S. Ct. at 1967 (quotations and citations omitted).

To prove prejudice concerning an alleged sentencing error, Maynard must plausibly allege a reasonable probability that she would have been sentenced differently if the error had not occurred. See Sears v. Upton, 561 U.S. 945, 956 (2010); United States v. Carthorne, 878 F.3d 458, 469–70 (4th Cir. 2017). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 546 U.S. at 694.

As for counsel's alleged failure to discuss the PSR with her or to object to the PSR, during Maynard's Rule 11 proceeding, Maynard swore that she understood the charges to which she was pleading guilty. Maynard also swore that she was fully satisfied with her lawyer's legal services, that she had reviewed and discussed her entire plea agreement with counsel before she signed it, that she understood each term in the plea agreement, and that the plea agreement constituted the entire agreement that she had with the government. Maynard also swore that she understood that the court could sentence her up to the statutory maximum on each count of conviction, and that if the court did so, Maynard could not withdraw her guilty plea. Maynard also swore that she understood that she needed to object to anything in the PSR that her lawyer failed to raise or that any such objection would be deemed abandoned. At her sentencing hearing Maynard swore that she had read and discussed the PSR with her lawyer.

6

Maynard's sworn statements at her Rule 11 hearing and her sentencing hearing bind her. See, e.g., Blackledge, 431 U.S. at 74; United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005). Those sworn statements show that Maynard admitted to the charged crimes. Maynard's sworn statements also show that Maynard understood that, even if she received a statutory-maximum sentence on each count of conviction, she could not withdraw her guilty plea and would not be able to go to trial. Accordingly, Maynard has not plausibly alleged "that, but for counsel's [alleged] unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see Lee, 137 S. Ct. at 1967–69; Hill, 474 U.S. at 59; Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297 (4th Cir. 1992). Simply put, Maynard would not have "insisted on going to trial." Hill, 474 U.S. at 59; see Lee, 137 S. Ct. at 1967–69; Strickland, 466 U.S. at 694.

As for the sentence, Maynard has not plausibly alleged any meritorious objections to the PSR. Notably, Maynard's combined adjusted offense level was an almost unheard of 51. See PSR ¶¶ 82, 92. Thus, even without the three-level leadership enhancement, Maynard still would have had a total offense level of 43. See id. at ¶¶ 77–96. Accordingly, Maynard has not plausibly alleged prejudice from the sentencing, and the claims fail.

Alternatively, the claims concerning counsel's performance at the Rule 11 hearing and sentencing hearing fail. Defense counsel's performance was adequate and falls within the wide range of professional performance, particularly in light of Maynard's full confession. Cf. Strickland, 466 U.S. at 691 ("The reasonableness of counsel's action may be determined or substantially influenced by the defendant's own statements or action. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant."). Maynard admitted to her role in the kidnapping and how the firearms were used,

7

Case 5:14-cr-00072-D   Document 862   Filed 12/15/20   Page 7 of 9

possessed, and brandished. Cf. United States v. Gomez-Jimenez, 750 F.3d 370, 378–79 (4th Cir. 2014); United States v. Perry, 560 F.3d 246, 254 (4th Cir. 2009); United States v. Burns, 990 F.2d 1426, 1439 (4th Cir. 1993). Moreover, Maynard's PSR recounted the factual basis for Maynard's guilty plea. See PSR ¶¶ 11–46. Counsel performed reasonably at the Rule 11 hearing and at sentencing. On this record, there was no deficient performance.

As for Maynard's claim concerning counsel's alleged failure to try to file an appeal concerning her sentence, the Sixth Amendment imposes a duty upon counsel "to consult with the defendant concerning whether to appeal when counsel has reason to believe . . . '(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)); accord Garza v. Idaho, 139 S. Ct. 738, 746–50 (2019); United States v. Cooper, 617 F.3d 307, 312–14 (4th Cir. 2010); Miller v. United States, 150 F. Supp. 2d 871, 881 (E.D.N.C. 2001). The Supreme Court has "defined the term 'consult' to mean 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" Miller, 150 F. Supp. 2d at 879 (quoting Flores-Ortega, 528 U.S. at 478). "In cases where the attorney consulted with petitioner about an appeal, the attorney 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" Id. (quoting Flores-Ortega, 528 U.S. at 478); see Garza, 139 S. Ct. at 746–50; United States v. Peak, 992 F.2d 39, 41–42 (4th Cir. 1993).

Maynard has failed to plausibly allege that there were non-frivolous grounds to appeal in light of the appellate waiver and the downward-variant sentence that she received. Likewise, Maynard has not plausibly alleged that she reasonably demonstrated to counsel that she was interested in

8

appealing. Notably, at Maynard's Rule 11 hearing, the court discussed Maynard's appellate rights and the appellate waiver, and Maynard swore that she understood what the court said. Likewise, after the court sentenced Maynard, the court advised her about her appellate rights, the appellate waiver, and that, in light of her sentence, the court believed she had waived her right to appeal her sentence. On this record, Maynard has failed to plausibly allege deficient performance concerning "trying" to appeal.

After reviewing the claims presented in Maynard's motion, the court finds that reasonable jurists would not find the court's treatment of Maynard's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 831], DISMISSES Maynard's section 2255 motion [D.E. 814], and DENIES a certificate of appealability. The clerk shall close the case.

SO ORDERED. This 15 day of December 2020.

JAMES C. DEVER III
United States District Judge